[Cite as *U.S. Bank N.A. v. Howard*, 2015-Ohio-5230.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. BANK N.A., AS TRUSTEE ON BEHALF OF MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 2000-5 | : | JUDGES:<br>Hon. Sheila G. Farmer, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | |
| -vs- | : | Case No. 15-CA-00002 |
| ROBERT R. HOWARD, II, ET AL. | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                     Pleas, Case No. 13-CV-00401


JUDGMENT:                            Affirmed


DATE OF JUDGMENT:                    December 14, 2015


APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

DAVID J. DEMERS                       BRUCE M. BROYLES
MICHELLE L. POLLY-MURPHY              5815 Market Street
260 Market Street                     Suite 2
Suite F                               Boardman, OH  44512
New Albany, OH  43054

*Farmer, J.*

{¶1}   On December 16, 2013, appellee, U.S. Bank, N.A., as Trustee on Behalf of Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-5, filed a complaint in foreclosure against appellant, Robert Howard, II, and others, for the failure to pay on a note secured by a mortgage.

{¶2}   A bench trial commenced on November 25, 2014.  By judgment entry filed December 18, 2014, the trial court found in favor of appellee and ordered foreclosure.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED IN FINDING THAT MICHELLE BRAY WAS A QUALIFIED WITNESS TO AUTHENTICATE OTHERWISE HEARSAY DOCUMENTS AS BUSINESS RECORDS DEMONSTRATING THAT THE LOAN WAS IN DEFAULT AND THE AMOUNT OF THE DEFAULT."

II

{¶5}   "THE TRIAL COURT ERRED IN ACCEPTING MICHELLE BRAY'S TESTIMONY THAT THE PROMISSORY NOTE WAS IN POSSESSION OF GREEN TREE SERVICING LLC ON BEHALF OF U.S. BANK AS TRUSTEE ON BEHALF MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 2000-5."

III

{¶6}   "THE TRIAL COURT ERRED IN REFUSING TO ADMIT APPELLANT'S EXHIBIT 1, THE COMPUTER PRINT OUT OF THE PROSPECTUS, PROSPECTUS

SUPPLEMENT AND THE TRANSFER AGREEMENT FOR THE TRUST KNOWN AS MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 2000-5 AS A SELF AUTHENTICATING DOCUMENT."

IV

{¶7} "THE TRIAL COURT ERRED IN FINDING THAT U.S. BANK AS TRUSTEE ON BEHALF MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 2000-5 HAD AN INTEREST IN THE PROMISSORY NOTE AND MORTGAGE AS THE ATTEMPTED TRANSFER OF THOSE ASSETS WERE AFTER THE CLOSING DATE OF THE TRUST."

I, II

{¶8} Appellant claims the trial court erred in determining Michelle Bray was a qualified witness to authenticate the business records, and lost its way and erred in finding her employer, Green Tree Servicing, LLC, had possession of the promissory note. We disagree.

{¶9} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52;

*Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179.  In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings.  *Eastley* at ¶ 21.

{¶10} As explained by this court in *Huntington National Bank, N.A. V. The Sussex Group, LTD.,* 5th Dist. Stark No. 2010CA00280, ¶ 21:

We are to defer to the findings of the trier of fact because in a bench trial the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the testimony.  *Seasons Coal Company, Inc. v. City of Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273.  We may not substitute our judgment for that of the trier of fact.  *Pons v. Ohio State Medical Board* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748, 621.

{¶11} Evid.R. 104(A) governs questions of admissibility generally and states: "Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B).  In making its determination it is not bound by the rules of evidence except those with respect to privileges."  Subsection (B) pertains to relevancy.  In order to find that the trial court abused its discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and

not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶12} Evid.R. 803 governs hearsay exceptions. Subsection (6) defines records of regularly conducted activity that are not excluded by the hearsay rule as follows:

A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

{¶13} Michelle Bray testified as to her position as Assistant Vice-President for Green Tree Servicing, the servicer of the mortgage for appellee, stating, "I'm in charge of servicing mortgages for Green Tree Servicing, including keeping all records, making sure all records are accurate." T. at 7. Ms. Bray testified she was in charge of servicing the mortgage and had firsthand knowledge of appellant's loan. T. at 8. She identified the original mortgage and note within the possession of Green Tree. T. at 9-13;

Plaintiff's Exhibits A and B. As for the payment records, Ms. Bray explained they were business records kept in the ordinary course of business by Green Tree, and she has daily access to the collection system. T. at 20, 23.

{¶14} In addition, Ms. Bray testified Green Tree had physical possession of the original note, and testified the original documents are kept in Tempe, Arizona. T. at 10-13, 33-36. The note was endorsed and blank. T. at 12; Plaintiff's Exhibit B. "When an instrument is endorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed. R.C. 1303.25(B)." *Deutsche Bank National Trust Co. v. Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657.

{¶15} We find Ms. Bray's testimony to be sufficient to establish her as a qualified witness to the business records, and to establish that Green Tree was in possession of the note. The trial court did not lose its way.

{¶16} Assignments of Error I and II are denied.

III

{¶17} Appellant claims the trial court erred in denying Defendant's Exhibit 1, a computer printout from a governmental website of a Prospectus, Prospectus Supplement, and Transfer Agreement for a trust known as Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-5. Appellant claims the trial court erred in finding it was not self-authenticated. We disagree.

{¶18} Evid.R. 902(5) states: "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: (5) Official

publications. Books, pamphlets, or other publications purporting to be issued by public authority."

{¶19}  Appellant's trial counsel discussed the document with Ms. Bray, who admitted she had seen it previously, but was not familiar with it.  T. at 37-38.

{¶20}  Civ.R. 61 governs harmless error and states the following:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.  The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

{¶21}  The trial court believed Ms. Bray was not the person who should be introducing the exhibit.  T. at 38.  Even if the trial court's conclusion was incorrect, we do not find an abuse of discretion because appellant has failed to point to any prejudice. Appellee was the holder of the note, endorsed and blank, and was identified as the server of appellant's account.

{¶22}  Assignment of Error III is denied.

IV

{¶23} Appellant claims the trial court erred in finding appellee had an interest in the note and mortgage. We disagree.

{¶24} Appellant claims he has standing to challenge the validity of the assignment of the mortgage. As explained by this court in *U.S. Bank, N.A. v. Lawson,* 5th Dist. Delaware No. 13CAE030021, 2014-Ohio-463, ¶ 39:

> In *Deutsche Bank Natl. Trust Co. v. Whiteman,* 10th Dist. Franklin No. 12AP-536, 2013-Ohio-1636, ¶ 16, the Tenth District Court of Appeals relied upon *LSF6 Mercury REO Invs. Trust Series 2008-1 v. Locke,* 10th Dist. Franklin No. 11AP–757, 2012–Ohio–4499*** to hold: "because a debtor is not a party to the assignment of a note and mortgage, the debtor lacks standing to challenge their validity." In *Whiteman,* there was no dispute between the original mortgagee and the entity subsequently named as an assignee of the note and mortgage as to the identity of the holder of the note and mortgage. Rather, only the borrower challenged the assignment's validity, and there was no dispute that the borrower had defaulted on his loan and was subject to foreclosure. *Id.* at ¶ 16. *See also JPMorgan Chase Bank, N.A. v. Romine,* 10th Dist. Franklin No. 13AP-58, 2013-Ohio-4212; *HSBC Bank USA, National Assn. v. Surrarrer,* 8th Dist. Cuyahoga No. 100039, 2013–Ohio–5594. (Footnote omitted.)

{¶25}  Appellant also challenges the assignment of the mortgage to appellee. There is no evidence the transfer was invalid because both allonges and the assignment to appellee were presented to the trial court, and the mortgage and note were in appellee's physical possession.  T. at 9-15; Plaintiff's Exhibit C.

{¶26}  Assignment of Error IV is denied.

{¶27}  The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.

SGF/sg 124