[Cite as *Deutsche Bank Natl. Trust Co. v. Mallonn II*, 2018-Ohio-1363.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATL TRUST COMPANY, AS INDENTURE TRUSTEE AND CUSTODIAN FOR OCWEN REAL ESTATE ASSET LIQUIDATING TRUST 2007-1, ASSET BACKED NOTES, SERIES 2007-1 | : : : : : : : | JUDGES: Hon. John W. Wise, P.J. Hon. William B. Hoffman, J. Hon. Craig R. Baldwin, J. |
| Plaintiff - Appellee | : : | |
| -vs- | : : | Case No. 2017CA00132 |
| RICHARD A. MALLONN II, et al., | : : : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of Common Pleas, Case No. 16 CV 00279

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    April 9, 2018

APPEARANCES:

For Plaintiff-Appellee

CHRISSY M. DUNN
JOHN R. WIRTHLIN
Blank Rome, LLP
1700 PNC Center
201 E. 5th Street
Cincinnati, Ohio 45202

For Defendant-Appellants

WILLIAM C. BEHRENS
MARC E. DANN
The Dann Law Firm
P. O. Box 6031040
Cleveland, Ohio 44103

*Baldwin, J.*

{¶1}  Appellants, Freeway Tavern, Inc., Richard A Mallonn, II, and Jill Mallonn appeal the Stark County Court of Common Pleas' June 23, 2017, Judgment Entry and Decree in Foreclosure granting summary judgment to appellee.  Appellee is Deutsche Bank National Trust Company, As Indenture Trustee and Custodian for Ocwen Real Estate Asset Liquidating Trust 2007-1, Asset-Backed Notes, Series 2007-1.

## STATEMENT OF FACTS AND THE CASE

{¶2}  Appellants executed a promissory note on December 22, 1998, payable to appellee's predecessor-in-interest, American Business Credit, Inc. ("ABC"), in the original principal amount of $100,000.00, plus interest.  ABC endorsed the Note to The Bank of New York, as Indenture Trustee under the Indenture dated as of March 1, 1999, ABFS Mortgage Loan Trust 1999-1 ("BONY"). On August 18, 2006, BONY, through it is attorney- in-fact, Ocwen Loan Servicing, LLC endorsed the Note in blank.  The Note was secured by an open-end mortgage executed by the appellants on December 22, 1998, in the amount of $100,000.00, pledging three parcels as collateral.  The Mortgage was recorded December 28, 1998, as Instrument Number 1998094436, in the Stark County, Ohio records.

{¶3}  American Business Credit, Inc. assigned the mortgage on March 10, 2015 to OMAT I REO HOLDINGS, LLC. On November 20, 2015 OMAT I REO HOLDINGS, LLC, assigned the mortgage to Deutsche Bank National Trust Company, As Indenture Trustee and Custodian for Ocwen Real Estate Asset Liquidating Trust 2007-1, Asset-Backed Notes, Series 2007-1.  Both mortgage assignments were signed by Ocwen Loan Servicing, LLC as attorney in fact for the assignor.

**{¶4}** On January 1, 2015, appellee issued a notice of default and accelerating the balance due on the note. Appellee filed a complaint on February 5, 2016 seeking judgment against the appellants upon the note in the sum of $69,863.54 plus interest from May 22, 2014, plus additional costs and expenses as well as a foreclosure of the mortgage and an order that the property be sold.

**{¶5}** Appellants Richard and Jill Mallon and Freeway Tavern Inc. filed a motion for leave to file a motion to dismiss as well as a motion for leave to file an answer instanter on April 12, 2016. Both motions were granted October 21, 2016. Appellee filed its memorandum opposing the motion to dismiss on November 3, 2016. The motion to dismiss was denied on November 14, 2016.

**{¶6}** On May 8, 2017 appellee filed a motion for summary judgment supported by the affidavit of Jesse Rosenthal, a contract management coordinator of Ocwen Loan Servicing, LLC, loan servicer for the appellee.  Appellants filed a memorandum contra on June 21, 2017 with the affidavits of Richard Mallonn, II and trial counsel, William C. Behrens attached. The court granted the motion for summary judgment and issued a decree of foreclosure on June 23, 2017. Appellants filed a motion to stay the sale and waive bond on July 26, 2017. On July 31, 2017 appellee withdrew its praecipe for order of sale and the court issued an entry withdrawing the praecipe for order of sale on August 4, 2017.

**{¶7}** Appellants filed a notice of appeal on July 17, 2017 and listed seven assignments of error:

{¶8} "I. THE TRIAL COURT COMMITED (sic) PLAIN ERROR IN ISSUING A FINAL JUDGMENT THAT WAS DEVOID OF SUFFICIENTLY DETAILED REASONING NECESSARY FOR MEANINGFUL APPELLATE REVIEW."

{¶9} "II. THE TRIAL COURT COMMITED (sic) PLAIN ERROR IN WEIGHING EVIDENCE, FAILING TO CONSTRUE ALL EVIDENCE IN FAVOR OF THE NON-MOVING PARTY, AND FAILING TO RESOLVE COMPETING INFERENCES AND QUESTIONS OF CREDIBILITY IN FAVOR OF THE NON-MOVING PARTY."

{¶10} "III. THE TRIAL COURT ERRED IN FINDING THAT THE AFFIDAVIT IN SUPPORT OF SUMMARY JUDGMENT WAS MADE ON PERSONAL KNOWLEDGE AND/OR TRUSTWORTHY BUSINESS RECORDS, AND WAS THEREFORE SUFFICIENT TO ESTABLISH THE MOVING PARTY'S INITIAL BURDEN UNDER CIV. R. 56."

{¶11} "IV. THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF-APPELLEE HAD ESTABLISHED ITS RIGHT TO ENFORCE THE NOTE AND MORTGAGE."

{¶12} "V. THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF-APPELLEE HAD ESTABLISHED A DEFAULT AND THE AMOUNT DUE."

{¶13} "VI. THE TRIAL COURT ERRED IN FINDING THAT THE AFFIRMATIVE DEFENSES OF THE DEFENDANTS-APPELLANTS DID NOT PRECLUDE SUMMARY JUDGMENT."

{¶14} "VII. THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF-APPELLEE WAS ENTITLED TO SUMMARY JUDGMENT WHERE THE ACTION WAS BARRED BY R.C.1303.16."

**STANDARD OF REVIEW**

{¶15} Appellants list seven assignments of error attacking the trial court's grant of appellee's motion for summary judgment.

{¶16} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987).

{¶17} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶18} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264 (1996): " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no

evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

**{¶19}** ***[t]o properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary quality materials establishing: (1) the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been satisfied; and (5) the amount of principal and interest due.

*Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶¶ 40-45.

### ANALYSIS

**{¶20}** The appellant's first assignment of error, that the trial court's entry granting summary judgment lacks sufficient detail to permit review, requires that we review the breadth of our obligation to conduct a de novo review of the decision.

**{¶21}** A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993) as cited in *State v. Standen*, 9th Dist. No. 07CA009123, 173 Ohio App.3d 324, 2007-Ohio-5477, 878 N.E.2d 657, ¶ 7. "Thus, viewing the pleadings in the light most favorable to the [appellee], we must determine whether [appellee] was entitled to judgment as a matter of law." Civ.R. 56(C). *Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 6 (2012). Accordingly, we apply the same standard as the trial court and court of appeals in this case. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24 (2002). "*** we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Tornado Techs., Inc. v. Quality Control Inspection, Inc.*, 8th Dist. No. 97514, 2012-Ohio-3451, 977 N.E.2d 122, ¶13.

**{¶22}** Considering the requirements imposed upon this court by precedent and the Ohio Civil Rules, the content of the trial court's entry has little influence. While the decision of the trial court must contain the basic requirements, our review is focused upon the record and not the written decision of the trial court.

**{¶23}** We reject the appellant's suggestion we adopt the rational of the court in *Schutte v. Summit Cty. Sheriff's Office*, 9th Dist. Summit No. CV 28203, 2017-Ohio-4172. In that case the court reversed the trial court's grant of a motion for summary judgment "***because we cannot discern the trial court's basis for the award of summary judgment in Defendants' favor on all four counts of the complaint ***". *Schutte* at ¶ 11. The cases cited by that court in support of its remand do not address the standard of review for

summary judgment, but involve abuse of discretion or, in one case, an admonishment from the court of appeals urging the trial court to set forth its reasoning in its entry so that the court of appeals may conduct a review of the trial court's exercise of discretion. Because we are obligated to conduct a de novo review of the entire record, without any deference or reliance on the trial court's ruling, we must respectfully decline to follow the holding in *Schutte.*

{¶24} Appellants argues that the rapidity with which the trial court issued its ruling and the fact that it did not reference their memorandum opposing summary judgment demonstrates that the trial court failed to consider their arguments. The record shows the memorandum opposing the motion for summary judgment was filed on June 21, 2017 and the judgment entry was not journalized until June 23, 2017. Nothing within record demonstrates that the court acted inappropriately under the circumstances.

{¶25} Because we will not follow the holding in *Schutte*, because we are obligated to conduct a de novo review of the record, and because the entry issued by the court does fulfill the basic requirements for a judgment entry granting summary judgment and was timely journalized, we must overrule appellant's first assignment of error.

{¶26} In their second assignment of error, appellants contend the trial court erred by weighing the evidence, failing to construe all evidence in favor of the nonmoving party, and failing to resolve competing inferences and questions of credibility in favor of the non-moving party, but appellants do not "set forth specific facts demonstrating there is a genuine issue of material fact for trial." *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164 (1997), citing *Dresher*, supra.

**{¶27}** Appellants' unsupported contention that the trial court acted inappropriately is unpersuasive. The case cited by appellants, *Nationstar Mtge., L.L.C. v. Waisanen*, 9th Dist. Summit No. 16CA010904, 2017-Ohio-131 is not helpful to appellants. In that case, the appellate court provided clear examples of the weighing of evidence that violated the requirements of Civ.R. 56.

> This included, but was not limited to, for example, the trial court's evaluation of the evidence submitted by the parties regarding Nationstar's communications with the Waisanens after the loan went into default. In that context, the trial court reviewed the parties' differing versions of the summary judgment evidence and noted the Waisanens' failure to submit additional "corroborating evidence" from Nationstar's records to supplement their own.

*Nationstar Mtge.*, at ¶ 9

**{¶28}** In the case at bar, appellants contend "Given the contradictory and competing evidence submitted by the parties, summary judgment was inappropriate" but they neglect to provide citations to the record for examples of that alleged contradictory or competing evidence, and thereby fail to fulfill their obligation to "set forth specific facts demonstrating there is a genuine issue of material fact for trial." *Vahila, supra.*

**{¶29}** For the forgoing reasons, appellant's second assignment of error is overruled.

**{¶30}** Appellant's assignments of error three through five are attacks on the propriety of granting summary judgment and require that we review the materials offered supporting and opposing the motion for summary judgment.

**{¶31}** Appellee supported its motion for summary judgment with the affidavit of Jesse Rosenthal, a contract management coordinator of Ocwen Loan Servicing, LLC, loan servicer for appellee, with accompanying documents. We hold that this affidavit and the attachments satisfied the movant's burden of showing that no genuine issue of material fact existed, shifting the burden to appellee to supply contrary evidence.

**{¶32}** Mr. Rosenthal establishes his competency by identifying himself as a contract management coordinator of Ocwen Loan Servicing, LLC, loan servicer for the appellee and confirms he has personal knowledge of the facts and matters stated within the affidavit. The nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that Mr. Rosenthal has personal knowledge of the facts in the affidavit. *PNC Bank, N.A. v. Price*, 5th Dist. No. 15AP0015, 2016-Ohio-2887, 64 N.E.3d 402, ¶ 21

**{¶33}** Mr. Rosenthal states that appellee is in possession of the original promissory note and that the copy attached to his affidavit is a true and accurate copy of that note. He states that a true and accurate copy of the mortgage, assignments of mortgage, demand letter, and account history are attached to his affidavit. The affidavit is properly notarized.

**{¶34}** Rosenthal describes the records attached to his affidavit as business records kept in the regular course of business, that he is familiar with and has access to the records, and that the records were made or maintained in the regular and usual course of business. He also confirms records were made at or near the time by, or from information from, a person with knowledge of the transactions. Mr. Rosenthal also provides sufficient evidence to demonstrate that the mortgagor is in default, that all

conditions precedent have been satisfied and he states the amount of principal and interest due. Consequently, the affidavit and the attached documents are adequate to satisfy the requirements for issuing a summary judgment in the context of a foreclosure action, *Wachovia, supra,* ¶40-45, and the burden shifts to appellant to demonstrate a material fact remains for trial. Appellants "may not rest upon the mere allegations or denials of his pleadings, but [their] response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Dresher, supra.*

**{¶35}** Appellants offered the affidavits of appellant, Richard Mallonn II, and appellant's counsel, William C. Behrens. Mr. Behren's affidavit serves only to identify four exhibits attached to the affidavit and describes them as documents received in response to defendant's first set of request for admissions, interrogatories, and request for production of documents. Mr. Mallonn's affidavit describes the note in the foreclosure action but is ambiguous regarding payments made after December 2013. In paragraph 3 he states "to the best of my recollection, all payments due were made on or around the dates due." In paragraph 6 of his affidavit he states "I made all payments on or around the due dates from September 2007 until Ocwen Loan Servicing, LLC, refused to accept additional payments." Mr. Mallonn's sworn statements do not refute appellee's assertion that the "last payment received was applied to the May, 2014 payment" (Rosenthal Affidavit, ¶ 6) and therefore do not create a genuine dispute over the material fact of default in payment. His contention that he made payments on or around the due dates does not provide evidence that he made timely and full payment of all amounts due under

the note prior to the filing of the complaint. Further, he concedes that he stopped making payments on the note.

**{¶36}** Within his affidavit Mr. Mallonn questions the calculation of the amount of the unpaid principal balance and expresses frustration in obtaining an explanation for the calculation. These issues are matters appellants could have pursued through discovery, but chose not to do so. Mr. Mallonn's concerns, frustration, or current questions are insufficient to create a genuine issue of material fact prohibiting summary judgment. For those reasons we hold that neither Mr. Mallonn's nor Mr. Behren's affidavit raises a genuine issue of material fact that would bar summary judgment.

**{¶37}** For the forgoing reasons, we hold that the appellee satisfied the burden of the movant under Civ.R. 56 and appellants' affidavits and attachments are insufficient to create a genuine issue of material fact. We proceed to review the remaining assignments of error to determine whether summary judgment is appropriate.

**{¶38}** Appellants' third assignment of error alleges one discrepancy between the documents attached to the Rosenthal affidavit and the documents provided in discovery and concludes from that alleged defect that Mr. Rosenthal's affidavit should be rejected because it is not based upon personal knowledge or is based upon inaccurate records. Appellant's argument that there are differences in documents provided in discovery by appellee and documents attached to the Rosenthal affidavit is not persuasive. The appellant compares a document captioned Life of the Loan Payment History with a document captioned Detailed Transaction History with no acceptable evidence supporting their argument that the alleged discrepancy is material or that the asserted conflict has an impact on any material fact. Appellant insists that this conflict raises

questions regarding the reliability of all of the evidence attached to the Rosenthal affidavit, but the record before the court contains no Civ.R. 56 quality evidence to support that conclusion. Appellant is asking the court to draw an inference that the difference between the documents is material and, from that inference, draw a second inference that the materials attached to the Rosenthal affidavit are unreliable. We must reject the appellant's invitation to stack an inference upon an inference as impermissible. *Boles v. Montgomery Ward & Co.*, 153 Ohio St. 381, 388, 92 N.E.2d 9, 13 (1950); See also *Haughey v. Twins Group, Inc.*, 2nd Dist. Champaign No. 2004-CA-7, 2005-Ohio-1371, ¶ 17   Consequently, we must reject the basis of their argument that Mr. Rosenthal's affidavit is defective due to the discrepancy between these two different documents. Appellants' third assignment of error is overruled.

**{¶39}** In their fourth assignment of error, appellants allege an omission in the affidavit of Jesse Rosenthal and the attached documents invalidates the transfer of the note and the mortgage and undermines appellees claim that it is entitled to enforce the note and mortgage. Specifically, they assert that appellee failed to include a copy of the power of attorney authorizing the signature on the second allonge and that therefore appellee is not the holder of the note. They further assert that the assignment is defective due to a difference in the names listed on the documents.   Appellees offer no facts to contradict James Rosenthal's statement that appellee is the holder of the note and mortgage, but instead seeks to undermine the truth of that assertion by referring to alleged defects in assignment of those documents.

**{¶40}** Appellants challenge must fail because they have no standing to challenge the assignment of the note and mortgage. "[B]ecause a debtor is not a party to the

assignment of a note and mortgage, the debtor lacks standing to challenge their validity."
*U.S. Bank, N.A. v. Lawson*, 5th Dist. Delaware No. 13CAE030021, 2014-Ohio-463, ¶ 39, citing *Deutsche Bank Natl. Tr. Co. v. Whiteman*, 10th Dist. Franklin No. 12AP-536, 2013-Ohio-1636, ¶ 16; See Also *U.S. Bank N.A. v. Howard*, 5th Dist. Perry No. 15-CA-00002, 2015-Ohio-5230, ¶¶ 23-24 and *Bank of New York Mellon v. Ettayem*, 5th Dist. Delaware No. 14 CAE 04 0020, 2014-Ohio-4487, ¶ 78. We acknowledge that the status of the holding in *Deutsche* has been challenged by another panel in the Tenth District, *U.S. Bank Natl. Assn. v. George*, 10th Dist. No. 14AP-817, 2015-Ohio-4957, 50 N.E.3d 1049, ¶ 24, but we share the concern of the dissent in that case and the Second District Court of Appeals that the ruling of *U.S. Bank* is dicta and we are unwilling to rely on that case as a foundation for change in our precedent. *Id* at ¶ 44-45; *U.S. Bank Natl. Assn. for Registered Holders of GE Commercial Mtge. Corp., Commercial Mtge. Pass-Through Certificates, Series 2006-C1 v. Courthouse Crossing Acquisitions, LLC*, 2nd Dist. Montgomery No. 27648, 2017-Ohio-9231, ¶ 36 (As a result, the position of the Tenth District Court of Appeals is unclear.")

**{¶41}** For those reasons, appellant's fourth assignment of error is overruled.

**{¶42}** In their fifth assignment of error, appellants attack the quality of the evidence establishing the principal and interest due under the note by repeating their contention that the information in the affidavit is unreliable and questioning how the amount due under the note could be possible. We have addressed the appellant's contention regarding the reliability of the affidavit and attached evidence and concluded that the affidavit provides satisfactory evidence in the context of a motion for summary judgment to establish the principal and interest amount due. We have previously held that:

"***an averment of outstanding indebtedness in the affidavit of a bank loan officer with personal knowledge of the debtor's account is sufficient to establish the amount due and owing on the note, unless the debtor refutes the averred indebtedness with evidence that a different amount is owed.

*PNC Bank, N.A. v. Price*, 5th Dist. No. 15AP0015, 2016-Ohio-2887, 64 N.E.3d 402, ¶ 37 The appellants have not offered any evidence to demonstrate a different amount is owed. Their incredulity regarding the amount due cannot serve as a bar to summary judgment. Appellants' fifth assignment of error is overruled.

**{¶43}** Appellants' contend in their sixth assignment of error that the affirmative defenses listed in their answer prevents the grant of summary judgment, but provide no authority for such conclusion. We find this flies in the face of well-established precedent that prohibits parties from relying on the allegations in the pleadings to oppose a motion for summary judgment. *Dresher, supra.* Appellants' sixth assignment of error is therefore overruled.

**{¶44}** Appellants next argue, in their seventh assignment of error, that a grant of summary judgment was inappropriate because the action was barred by the statute of limitations. Appellants contend appellee delivered letters dated January 18, 2005 notifying appellants of default and the intent to accelerate the entire amount due if the account was not brought current. Appellants argue that appellee was obligated to bring an action on the note within six years of the date of the letters pursuant to R.C. 1303.16(B), but the record contains no evidence of a continued default after the delivery of the letters. Instead, the record shows that appellants continued to make payments toward the balance due on the note and appellee accepted the payments, refuting any

contention that the default was not cured or the appellee pursued an acceleration of the note. The record shows that appellants continued to make payments that were accepted by appellees and:

It is the general rule that the unconditional acceptance of past-due installments of principal or interest constitutes a waiver of the right to exercise an option under an acceleration clause in a mortgage or deed of trust based upon a default in the payment of such principal or interest, at least where the payment is made before the exercise of the option granted by the acceleration clause.

**{¶45}** *Bank One of Dover v. Bixler*, 5th Dist. Tuscarawas No. 1567, 1982 WL 2962, *1

**{¶46}** The January 18, 2005 letters are insufficient to establish that the appellee exercised its option to accelerate the amount due. In fact, the evidence in the record can only be interpreted as a waiver of the right to accelerate in 2005 as payments were made and accepted. Consequently, R.C. 1303.16(B) is inapplicable.

**{¶47}** Appellants' seventh assignment of error is overruled.

**{¶48}**  For the forgoing reasons, the decision of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.

By: Baldwin, J.

John Wise, P.J. and

Hoffman, J. concur.