[Cite as *Bordenkircher v. Baker*, 2023-Ohio-1770.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TESSA BORDENKIRCHER | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2022CA0023 |
| BROCK BAKER, ET AL., | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDINGS:        Appeal from the Coshocton County Court
                                 of Common Pleas, Case No. 22CI0050

JUDGMENT:                        Reversed and Remanded

DATE OF JUDGMENT ENTRY:          May 24, 2023

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JAMES R. SKELTON                      BRIAN W. BENBOW
309 Main Street                       265 Sunrise Center Drive
Coshocton, Ohio 43812                 Zanesville, Ohio 43701

Co-Counsel for Appellants             Co-Counsel for Appellants

WILLIAM TODD DROWN                    NANCY ASHBROOK WILLIS
232 Chestnut Street                   6361 Crouch Road
Coshocton, Ohio 43812                 Mount Vernon, Ohio 43050

*Hoffman, J.*

**{¶1}** Defendant-appellant Brock Baker appeals the August 8, 2022 Journal Entry entered by the Coshocton County Court of Common Pleas, which granted plaintiff-appellee Tessa Bordenkircher's motion for judgment on the pleadings, and issued a Writ of Partition and Order of Sale.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On May 4, 2016, Appellant and Appellee purchased real property located at 19450 County Road 54, Warsaw, Coshocton County, Ohio ("the Property"). A Warranty Deed was recorded in Volume 700, Pages 590-592, in the Official Records of Coshocton County, Ohio, on May 5, 2016. Thereafter, the parties occupied the Property together until Appellee moved out in April, 2018.

**{¶3}** On March 15, 2022, Appellee filed a Petition for Partition of Real Estate. On April 13, 2022, Appellant filed an answer and counterclaims, seeking to quiet title and for specific performance. Appellee filed an answer to Appellant's affirmative defenses and counterclaims on April 27, 2022. Appellee also filed a motion to amend her complaint, which the trial court granted. Appellee filed an Amended Petition for Partition of Real Estate on May 25, 2022. On June 7, 2022, Appellant filed his answer to the amended petition, affirmative defenses, and counterclaims, seeking to quiet title and for specific performance, declaratory judgment, unjust enrichment, and promissory estoppel.

**{¶4}** In his answer, Appellant denied "the allegation that [Appellee] is the owner of an undivided one-half interest in fee simple of [the Property]." June 7, 2022 Defendant Brock Baker's Answer to Amended Petition for Partition of Real Estate, Counterclaim to Quiet Title, Counterclaim for Specific Performance, Counterclaim for Declaratory Judgment, Counterclaim for Unjust Enrichment, and Counterclaim for Promissory

Estoppel ("Appellant's Answer and Counterclaims") at para. 1.  Appellant further denied "he owns only an undivided one-half interest in fee simple in the Property and claims 100% ownership of the Property by virtue of a judgment entered in Case No. CVI 1800382 in Coshocton County Municipal Court and/or by virtue of a constructive or resulting trust, res judicata, collateral estoppel, and other legal and equitable principles."  *Id.* at para. 2.

{¶5}　Appellant asserted 21 affirmative defenses including, inter alia, Appellee's claims were:

- barred by res judicata and collateral estoppel (3rd Affirmative Defense);

- barred by estoppel, equitable estoppel, and/or judicial estoppel (4th Affirmative Defense);

- barred by the doctrine of accord and satisfaction "[b]y virtue of the Judgment dated February 14, 2019, Case No. CVI 1800382, in Coshocton County Municipal Court, [Appellant] paid the judgment amount to [Appellee] in full satisfaction of her claims against [Appellant]" (6th Affirmative Defense);

- recovery or relief would unjustly enrich Appellee (7th Affirmative Defense);

- barred by the doctrine of constructive and/or resulting trust (8th Affirmative Defense);

- released "[b]y virtue of the Judgment dated February 14, 2019, Case No. CVI 1800382, in Coshocton County Municipal Court, [Appellee's]

interest in the Property was extinguished, and she was divested of any interest in the Property" (9th Affirmative Defense);

- barred by the doctrine of waiver, laches, and/or election of remedies (11th Affirmative Defense);

- subject to an executory contract which had yet to be fully performed (16th Affirmative Defense);

- subject to offset for Appellant's expenditures relating to the Property (17th Affirmative Defense); and

- barred by breach of contract (18th Affirmative Defense).

{¶6}    Appellant's counterclaim to quiet title alleged, in relevant part:

On March 4, 2016, a Warranty Deed for the Property was executed in favor of [Appellant] and [Appellee] as joint and survivorship tenants.

* * *

3. [Appellee] and [Appellant] contributed equally to the down payment for the purchase of the Property.

* * *

5. After purchasing the Property, [Appellee] and [Appellant] jointly occupied the Property until [Appellee] moved out prior to April 28, 2017.

6. When [Appellee] vacated the Property, the parties agreed [Appellant] would repay [Appellee] for her down payment on the purchase

of the Property and in return [Appellee] agreed to be removed from the Warranty Deed.

7. When [Appellee] vacated the Property, [Appellant] gave her $2000.00 in partial repayment of [Appellee's] down payment toward the purchase of the Property.

8. On June 19, 2028, [Appellee] filed an action against [Appellant] in Coshocton County Municipal Court, Case No. CVI 1800382, seeking to enforce the agreement between [Appellee] and [Appellant] whereby [Appellant] agreed to repay [Appellee] for her down payment on the purchase of the Property and, in return, [Appellee] agreed to be removed from the Warranty Deed. A copy of [Appellee's] Municipal Court Complaint is attached as Exhibit D and incorporated herein by reference.

9. On July 18, 2918, [Appellant] requested that [Appellee] execute a quitclaim deed conveying her interest in and to the Property to [Appellant], but [Appellee] refused to execute a quitclaim deed to [Appellant].

10. On August 7, 2018, [Appellee] recovered a judgment on her Complaint against [Appellant] in the amount of $3,725. A copy of the August 7, 2018 Judgment Entry is attached hereto as Exhibit E and incorporated by reference.

11. [Appellant] paid [Appellee] the judgment amount of $3,725.

12. On January 29, 2019, the Coshocton County Municipal Court entered a Judgment directing [Appellee] to file a satisfaction of judgment or deny payment in full within 14 days of the Judgment Entry or the judgment

will be considered paid in full and the case will be closed. A copy of the January 29, 2019 Judgment Entry is attached hereto as Exhibit F and incorporated by reference.

13. On February 14, 2019, Coshocton County Municipal Court entered a Judgment stating that the August 7, 2018 Judgment had been paid in full and the matter was ordered satisfied and closed. A copy of the February 14, 2019 Judgment Entry is attached hereto as Exhibit G and incorporated herein by reference.

14. The agreement upon which [Appellee] sued in the Coshocton County Municipal Court is an executory contract, which has not yet been fully performed; while [Appellant] has repaid [Appellee] for her down payment on the purchase of the Property, [Appellee] has not been removed from the Warranty Deed.

* * *

18. By virtue of [Appellant's] repayment to [Appellee] of her down payment on the purchase of the Property, a presumption arose that [Appellant] owns 100 percent of the Property since he contributed 100 percent of the purchase price.

19. After purchasing the Property, [Appellant] alone paid all mortgage payments, property taxes, insurance, maintenance, and other expenses for the Property.

20. Further, after purchasing the Property, [Appellant] made approximately $28,000 worth of repairs and improvements to the Property, for which he alone paid the entire amounts for repairs and improvements.

21. By virtue of the February 14, 2019 Judgment Entry, [Appellee's] right, title, and interest in and to the Property was divested, extinguished, and/or released and is now void for naught.

Appellant's Answer and Counterclaims.

{¶7} As noted in the aforementioned paragraphs of Appellant's counterclaim for quiet title, copies of the Coshocton County Municipal Court's August 7, 2018, January 29, 2019, and February 14, 2019 Judgment Entries were attached to Appellant's Answer and Counterclaims. Appellant also attached a copy of Appellee's Small Claim Complaint. Appellee's "Statement of Claim" reads: "It was agreed upon after I had moved out of the house we had bought together in agreement to getting my name off the deed that I would receive my share back ($4,400.00) of the other half of the down payment I had put on the house." Exhibit D, Appellant's Answer and Counterclaims.

{¶8} In her Answer and Affirmative Defenses to Defendant's Counter-Claim filed June 9, 2022, Appellee admitted Appellant paid her the Coshocton Municipal Court judgment amount of $3,725,[1] and admitted the municipal court's February 14, 2019 Judgment Entry stated the August 7, 2018 Judgment had been paid in full and the matter was satisfied and closed. *Id*. at para. 10-13. Appellee admitted the parties agreed Appellant would repay her for her down payment, but denied she "agreed to be removed

---

[1] When Appellee vacated the Property, Appellant paid her $2,000.00 in partial repayment of her portion of the down payment.

from the deed without being removed from the note and mortgage as well." *Id.* at para. 6. Appellee asserted 20 affirmative defenses to Appellant's counterclaims, including accord and satisfaction; waiver, laches, and/or election of remedies; breach of contract; and Statute of Frauds.

{¶9}   On June 9, 2022, Appellee also filed a Motion for Judgment, Appointment of Commissioners, Writ of Partition and Order of Sale.  On June 13, 2022, Appellant filed his Opposition to Motion for Judgment, Appointment of Commissioners, Writ of Partition and Order of Sale, arguing judgment on the pleadings was not appropriate as material factual issues existed as to the parties' ownership interests in the Property, and Appellee's affirmative defense of Statute of Frauds raises a question of fact. Appellee filed a response to Appellant's opposition on June 14, 2022.

{¶10} Via Journal Entry filed August 8, 2022, the trial court granted Appellee's motion for judgment on the pleadings as to her first cause of action (Partition).  The trial court found the parties each owned a 50% interest in the Property; therefore, Appellee was entitled to Partition. The trial court issued a Writ of Partition and ordered the Property sold by either the Coshocton County Sheriff or a licensed auctioneer. The trial court noted Appellee's second cause of action, Appellant's counterclaims as well as his motion to dismiss Appellee's second cause of action would be heard after the sale of the Property.

{¶11} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:


THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING JUDGMENT ON THE PLEADINGS IN FAVOR OF APPELLEE.

I

*Judgment on the Pleadings*

**{¶12}** "Motions for judgment on the pleadings are governed by Civ.R. 12(C). Civ.R. 12(C) provides that '[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.' " *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, 2015 WL 4660060, ¶ 37. "In ruling on a Civ.R. 12(C) motion, the court is permitted to consider both the complaint and the answer as well as any material attached as exhibits to those pleadings." *Id*. (Citation omitted). "Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *Id*. (Internal citations and quotations omitted). "There is little caselaw discussing the standard of review of judgment on the pleadings initiated by the plaintiff, but presumably it would involve the same type of considerations used in resolving a defendant's motion for judgment on the pleadings." *Balfour v. Haymon*, 10th Dist. Franklin Nos. 20AP-323, 20AP-327, 2021-Ohio-3499, ¶ 13 (Citation omitted). "Thus, a party seeking affirmative relief would employ Civ.R. 12(C) where the opposing party had admitted to all the salient facts of the complaint, thereby admitting liability, and has no arguable defense." *Id.* (Citation and internal quotations omitted).

**{¶13}** Judgment on the pleadings is appropriate where the trial court, after construing the material averments, admissions, or denials of the pleadings, with all reasonable inferences to be drawn therefrom, in a light most favorable to the non-moving party, finds beyond doubt that the non-moving party could prove no set of facts entitling him to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664

N.E.2d 931 (1996); *Ohio Manufacturers' Assn. v. Ohioans for Drug Price Relief Act*, 147 Ohio St.3d 42, 2016-Ohio-3038, 59 N.E.3d 1274, ¶ 10.  "In order to grant such a motion, it must appear, considering all the averments of the pleadings, that simply a question of law is presented. *If an issue of fact,* or a direct issue joined *on any single material proposition is made, requiring the introduction of testimony by the moving party to sustain such issue*, the motion will be denied." *Wilhelms v. ProMedica Health System, Inc.*, 6th Dist. Lucas No. L-22-1085, 2023-Ohio-143, ¶ 13. (Citation omitted.  Emphasis added by 6th Dist.).

{¶14}  "An appellate court reviews a trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings de novo and considers all legal issues without deference to the trial court's decision." *Wentworth v. Coldwater*, 3d Dist. Mercer No. 10-14-18, 2015-Ohio-1424, 2015 WL 1618923, ¶ 15.

*Analysis*

{¶15}  As a preliminary matter, Appellant argues Appellee's motion for judgment on the pleadings was premature as the pleadings were not closed at the time Appellee filed the motion.  While technically we agree Appellee filed her Civ. R. 12(C) motion before she filed her answer and affirmative defenses, (one minute, according to the Clerk of Court's time-stamp), the trial court waited to rule on said motion until the pleadings were closed and provided Appellant with a meaningful opportunity to respond to Appellee's motion.  Accordingly, we find any error to be harmless and such did not prejudice Appellant.

{¶16}  Next, Appellant asserts the trial court improperly relied upon facts which were outside the pleadings.  As stated, supra, this Court conducts a de novo review of a

trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings. *Wentworth v. Coldwater*, supra. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Deutsche Bank Natl. Tr. Co. for Ocwen Real Estate Asset Liquidating Tr. 2007-1, Asset Backed Notes, Series 2007-1 v. Mallonn*, 5th Dist. Stark No. 2017CA00132, 2018-Ohio-1363, 110 N.E.3d 765, ¶ 21. Thus, we are not permitted to consider any factual allegations found outside the pleadings and relied upon by the trial court.

{¶17} We now undergo an independent review to determine if judgment on the pleadings in favor of Appellee on her claim for partition was warranted.

{¶18} R.C. 5307.04 provides:

[I]f the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one suitable disinterested person to be the commissioner to make the partition, and issue a writ of partition." A writ of partition issued under R.C. 5307.04 may be directed to the sheriff of any of the counties in which any part of the estate lies and shall command the sheriff that, by the oaths of the commissioner or commissioners, the sheriff shall cause to be set off and divided to the plaintiff or each interested party, whatever part and proportion of the estate as the court of common pleas orders. R.C. 5307.05.

**{¶19}** As set forth in our Statement of the Case and Facts, supra, Appellee moved out of the Property sometime in April, 2017. In his answer, Appellant denied the allegation Appellee is the owner of an undivided one-half interest in the Property. Appellant's Answer and Counterclaims at para. 1. Appellant further denied he owned only an undivided one-half interest in the Property and claimed 100% ownership. *Id.* at para. 2

**{¶20}** In his counterclaim for quite title, Appellant alleged, "When [Appellee] vacated the Property, the parties agreed [Appellant] would repay [Appellee] for her down payment on the purchase of the Property and in return [Appellee] agreed to be removed from the Warranty Deed." In her "Statement of Claim" in her Small Claim Complaint, which is attached as Exhibit D to Appellant's answer and counterclaim, Appellee states, "It was agreed upon after I had moved out of the house we had bought together in agreement to getting my name off the deed that I would receive my share back ($4,400.00) of the other half of the down payment I had put on the house." In her answer, Appellee admitted Appellant paid her the municipal court judgment amount of $3,725, but denied she "agreed to be removed from the deed without being removed from the note and mortgage as well." Appellant also raised various affirmative defenses to Appellee's claim for partition including, inter alia, judicial estoppel and accord and satisfaction.

**{¶21}** Construing all material allegations and all reasonable inferences to be drawn therefrom in a light most favorable to Appellant, we find material factual issues exist which preclude the granting of judgment on the pleadings in Appellee's favor. Appellant has denied Appellee's ownership interest in the Property and has asserted arguable defenses to her claims.

**{¶22}** Appellant's sole assignment of error is sustained.

{¶23}  The judgment of the Coshocton County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.


By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur