[Cite as *Benick v. Morrow Cty. Health Dist.*, 2020-Ohio-4443.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BRIAN BENICK

      Plaintiff-Appellant

-vs-

MORROW COUNTY HEALTH
DISTRICT, et al.

      Defendants-Appellees

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2019CA0007

O P I N IO N

CHARACTER OF PROCEEDINGS:      Appeal from the Morrow County Court of
Common Pleas, Case No. 2019CV00185

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      September 14, 2020

APPEARANCES:

For Plaintiff-Appellant

BRIAN BENICK
P.O. Box 102
Mt. Gilead, Ohio 43338

For Defendants-Appellees

PATRICK KASSON
FRANCESCA BOLAND
Reminger Co., L.P.A.
200 Civic Center Drive, Suite #800
Columbus, Ohio 43215

For Defendants-Appellees

PAUL J. SCHUMACHER
DANIELLE A. STONE
Dickie, McCamey & Chilcote, P.C.
600 Superior Avenue East
Fifth Third Center, Suite #2330
Cleveland, Ohio 44114

For Defendants-Appellees

MELVIN J. DAVIS
MICHAEL J. VALENTINE
KEONA R. PADGETT
Reminger Co., L.P.A.
200 Civic Center Drive, Suite #800
Columbus, Ohio  43215

For Defendants-Appellees

ROBERT J. GILMER, JR.
REGINAL S. JACKSON, JR.
CHARLES E. SULEK
Eastman & Smith LTD.
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032

For Defendants-Appellees

JOSEPH R. DURHAM
MELISSA A. EBEL
Eastman & Smith, LTD.
100 E. Broad Street, Suite #2100
Columbus, Ohio  43215

For Defendants-Appellees

JEFFREY A. STANKUNAS
Isaac Wiles Burkholder & Teetor, LLC
Two Miranova Place, Suite #700
Columbus, Ohio  43215

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant Brian Benick appeals the November 13, 2019 Orders entered by the Morrow County Court of Common Pleas, which granted defendants-appellees Morrow County Board of Health, et al.'s motions to dismiss and motions for judgment on the pleadings, and dismissed Appellant's complaint.

STATEMENT OF THE CASE

**{¶2}** Appellant is a former employee of the Morrow County Health District. The Morrow County Board of Health terminated Appellant's employment on November 19, 2018. Appellant filed five appeals with the State of Ohio Personnel Board of Review ("SPBR"), including two whistleblower appeals pursuant to R.C. 124.341. SPBR dismissed all five appeals.

**{¶3}** On May 17, 2019, Appellant filed a complaint, naming forty-four defendants including Appellees. The Complaint asserted Appellees violated a number of statutes, including R.C. 2921.03 (intimidation), R.C. 2921.13 (falsification), R.C. 2921.12 (tampering with evidence), R.C. 2913.42 (tampering with records), R.C. 2921.31 (obstructing official business), R.C. 2921.11 (perjury); R.C. 2921.05 (retaliation), and R.C 4113.52 (Ohio's whistleblower statute).

**{¶4}** Appellees are Morrow County, Ohio, Morrow County Commissioners Warren Davis, Burgess Castle, Thomas Whinston, and Morrow County Prosecuting Attorney Charles Howland ("Morrow County Appellees"); Morrow County Health District, Morrow County Board of Health, Martha Mooney, Jim Albertson, David Woodward, Jeff Polzin, Grant Galbraith, Shad Gallogly, Pamela Butler, Stephanie Bragg, and Stephanie Zmuda ("MCHD Appellees"); Eastman & Smith Ltd, Joseph R. Durham, and Melissa A. Ebel ("Eastman Appellees"); Village of Fulton, Canaan Township, Chester Township,

Peru Township, Harmony Township, Bennington Township, Lynn Shinnaberry, and North Bloomfield Township ("Township Appellees"); and Village of Mount Gilead, Village of Cardington, Village of Marengo, Village of Chesterville, Village of Edison, Washington Township, Troy Township, Perry Township, Congress Township, Gilead Township, Westfield Township, and South Bloomfield Township ("Village Appellees").

{¶5} The Village Appellees filed an answer on June 26, 2019. The MCHD and Eastman Appellees filed motions to dismiss on July 2, 2019. Appellant filed a response to the MCHD Appellees' motion on July 5, 2019. The Morrow County Appellees filed a motion to dismiss on July 5, 2019. Appellant filed a response to the Eastman Appellees' motion to dismiss on July 12, 2019, as well as another response to the MCHD Appellees' motion to dismiss. Appellant filed a response to the Morrow County Appellees' motion on July 16, 2019. Appellant filed additional responses to the MCHS Appellees' and Eastman Appellees' motions on July 25, 2019, and July 29, 2019, respectively.

{¶6} The Township Appellees filed a motion for judgment on the pleadings on August 1, 2019, to which Appellant responded on August 5, 2019. The Township Appellees also filed a motion to dismiss on August 26, 2019, to which Appellant responded on August 30, 2019. The Village Appellees filed a motion for judgment on the pleadings on September 10, 2019. Appellant filed a response on September 17, 2019.

{¶7} Appellant filed a motion for summary judgment on October 15, 2019. Appellees filed their respective memoranda contra Appellant's motion for summary judgment. Appellant filed a response to the memoranda contra attaching 42 documents not previously submitted to the trial court.

{¶8}   Via Order filed November 13, 2019, the trial court granted the Township Appellees' motion for judgment on the pleadings and dismissed Appellant's complaint. The trial court issued four additional orders also filed November 13, 2019, granting the motions to dismiss of the MCHD Appellees, the Morrow County Appellees, the Eastman Appellees, and the Village Appellees.  Via Orders dated November 19, 2019, the trial court found Appellant's motion for summary judgment to be moot.

{¶9}   It is from the November 13, 2019 Orders Appellant prosecutes this appeal.

{¶10}  We begin by noting Appellant has failed to comply with App. R. 16, which provides:

A. **Brief of the Appellant.** The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶11} Appellant's brief does not satisfy the requirements of App. 16(A); therefore, is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 5th Dist. Muskingum App. No. 09-CA-39, 2010-Ohio-4843, ¶ 26. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal." *Musleve v. Musleve*, 5th Dist. Stark App. No. 2007CA00314, 2008-Ohio-3961,¶ 21. Such deficiencies permit this court to dismiss Appellant's appeal. *State v. Darby*, 5th Dist. Richland App. No. 2019 CA 0013, 2019-Ohio2186, ¶¶ 21-24.

{¶12} Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). We understand Appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules

of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP–116, 2006–Ohio– 3316, ¶ 9. See, also, *State v. Hall*, 11th Dist. No.2007–T–0022, 2008–Ohio– 2128, ¶ 11. Richland County, Case No. 2020 CA 0005 4.  Although "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules," *Oyler v. Oyler*, 5th Dist. Stark App. No. 2014CA00015, 2014-Ohio-3468, ¶¶ 18-19, we find Appellant's noncompliance with the appellate rules is significant and his brief lacks any cogent argument. "[F]airness and justice are best served when a court disposes of a case on the merits", however, we find this brief reflects a substantial disregard for the court rules which cannot be cured. *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982).  We "may not construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 10th Dist. No. 07AP–445, 2007–Ohio–6780, ¶ 20, quoting *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006–Ohio–943, ¶ 94 (10th Dist.), appeal not allowed, 110 Ohio St.3d 1439, 2006–Ohio–3862, reconsideration denied, 111 Ohio St.3d 1418, 2006–Ohio–5083.

{¶13}  Because we find Appellants' brief so completely in derogation of App.R. 16, we dismiss his appeal for want of prosecution pursuant to App.R. 18(C) and Loc.App.R. 5(B).

{¶14}  Although not necessary given our dismissal of the appeal due to Appellant's failure to comply with App. R. 16, we have, nonetheless, reviewed Appellant's complaint and the trial court's judgment November 13, 2019 Orders and find the trial court had a solid legal basis for dismissing the complaint.  We further find the trial court's legal rationale for doing so was sound.

{¶15}  Appellant's appeal is dismissed.


By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur