[Cite as *Byrd v. Newark*, 2021-Ohio-3886.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HOUSTON BYRD, JR. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2021 CA 00052 |
| | : | |
| CITY OF NEWARK, LICKING | : | |
| COUNTY, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Licking County Court of
                                        Common Pleas, Case No. 21 CV 00107

JUDGMENT:                               AFFIRMED

DATE OF JUDGMENT ENTRY:                 October 29, 2021

APPEARANCES:

For Plaintiff-Appellant:                For Defendants-Appellees:

HOUSTON BYRD, JR., PRO SE               ANGELICA M. JARMUSZ
241 N. 10th St.                         7775 Walton Parkway, Suite 200
Newark, OH 43055                        New Albany, OH 43054

                                        MEL L. LUTE, JR.
                                        ADAM J. ARES
                                        400 South Main St.
                                        North Canton, OH 44720

*Delaney, J.*

{¶1}   Plaintiff-Appellant Houston Byrd, Jr. appeals the June 18, 2021 judgment entry of the Licking County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

**Civil Complaint**

{¶2} On February 8, 2021, Plaintiff-Appellant Houston Byrd, Jr. filed a pro se complaint with the Licking County Court of Common Pleas entitled, "Claim of Unconstitutionality." He named as defendants the City of Newark, Licking County, Prosecutor Bill Hayes, York Risk, Public Entity Services of Ohio, and Mathew (sic) M. Gilmore. Attached to his complaint were the following: August 26, 2014 Newark Division of Police Narrative Supplement, September 12, 2014 letter from the Licking County Prosecutor, October 2, 2019 letter from the Licking County Prosecutor, November 1, 2019 letter from Matthew M. Gilmore, and September 22, 2020 letter from the Licking County Prosecutor. The following facts arise solely from Byrd's complaint and attached exhibits.

{¶3}  In his complaint, Byrd alleged he filed a report with the Newark City Police Department stating he had been the victim of theft. On or about August 14, 2014, Byrd ordered home construction material from Thomas Ross, a person affiliated with an unnamed building supply company. Byrd did not receive the materials he purchased and thereafter, Byrd filed his complaint of theft with the police. Based on the report, former Officer Jeremy Wesner investigated the matter and determined that Byrd did place an order for siding with the building supply company and the building supply company was aware of the order for siding material. On August 26, 2014, Officer Wesner concluded no

criminal charges should be sent to the Licking County Prosecutor's Office and informed Byrd of the result of his investigation.

{¶4} On September 4, 2014 and September 8, 2014, Byrd sent two complaint letters to the Licking County Prosecutor's Office with allegations against Tom Ross. The Licking County Prosecutor, Kenneth W. Oswalt, sent a letter to the Newark Police Department on September 12, 2014, stating that Byrd's allegations were worthy of further investigation. He asked the Newark Police Department to assign the matter for investigation and upon the completion of the investigation, refer the matter to the prosecutor's office for review. Prosecutor Oswalt also stated in the letter that he was sending a letter to Tom Ross to determine if Ross could resolve the dispute.

{¶5} Byrd stated in his complaint that he did not receive any communications from the Licking County Prosecutor's Office until October 2, 2019. On October 2, 2019, the Licking County Prosecutor, William C. Hayes, sent a letter to Byrd stating the office was in receipt of his letter dated September 28, 2019. Hayes stated the prosecutor's office had conducted a thorough review of Byrd's letter and it did not appear there were any county actions involved; therefore, the prosecutor's office could not assist Byrd in the matter.

{¶6} At some point, Byrd filed a "tort claim" against the City of Newark with the Public Entity Risk Services of Ohio ("PERSO"), which provided liability coverage to the city. On November 1, 2019, Matthew M. Gilmore, Litigation Specialist with PERSO responded to Byrd's "tort claim." The letter stated that PERSO completed an investigation of his claim against its member, the City of Newark, Licking County, and determined there was no liability on their part. The letter also advised Byrd that the statute of limitations ran

on the matter on or around the summer of fall of 2016 and Ohio law would no longer obligate PERSO or the City of Newark for Byrd's claim.

{¶7} On September 7, 2020, Byrd sent a letter to the Licking County Prosecutor's Office regarding Newark Police Report No. 14-24043 and his complaint against Tom Ross. The Licking County Prosecutor's Office responded on September 22, 2020. The letter stated the prosecutor's office reviewed the file on the matter and determined in contravention of Byrd's claim he received no response from the prosecutor's office, the records showed that Kenneth Oswalt and the investigative detective with the Newark Police Department communicated with Byrd during the pendency of the investigation and closed the case in 2014/2015. Another review of the case by the prosecutor's office concurred it was not a criminal matter, but a civil contract action. The letter further advised that the statute of limitations for felony offenses was six years, so that if the offense occurred on August 14, 2014, the statute of limitations had passed, and the case could not be reopened.

{¶8} Byrd's pro se complaint did not comply with Civ.R. 8 and the rules of pleading. As best can be determined from his complaint, Byrd's claims can be summarized as: (1) Newark Police Department officers and the Licking County Prosecutor violated §3.07 of the Revised Code (forfeiture of office for misconduct in office), §2921.44(E) of the Revised Code (dereliction of duty), and §2921.45 (interfering with civil rights) of the Revised Code; (2) Newark Police Department officers and the Licking County Prosecutor committed perjury in violation of §2921.11 of the Revised Code; (3) the City of Newark and Licking County failed to enforce §2913.51 (receiving stolen property) and §2913.02 (theft) of the Revised Code, as well as Sec. 109:4-3-09

(failure to deliver, substitution of goods and services) of the Ohio Administrative Code; (4) the City of Newark and Licking County violated Article I, Section I of the Ohio Constitution (right to freedom and protection of property); (5) the defendants violated 42 U.S.C.S. §1985(3) (conspiracy to interfere with civil rights); (6) the City of Newark failed to comply with its Vision and Mission Statement; and (7) the City of Newark committed a tort by failing to enforce Newark City Ordinances.

### Motion to Dismiss

{¶9} In response to the complaint, the Defendants-Appellees City of Newark, York Risk, PERSO, Matthew M. Gilmore, and Licking County Prosecutor Bill Hayes filed motions to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim for relief. The parties raised multiple arguments to support their motion to dismiss including that Byrd's claims were barred by the statute of limitations, barred by statutory immunity, and Byrd lacked standing.

{¶10} Byrd did not file a response to the motions to dismiss. On March 8, 2021, Byrd filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C).

{¶11} On June 18, 2021, the trial court filed its judgment entry granting the motions to dismiss filed by the Appellees. The trial court reviewed Byrd's complaint and found it did not comply with Civ.R. 8, presenting a challenge to determine his causes of action against the defendants. However, construing the allegations in his complaint as true, the trial court determined the content of his complaint did not raise valid claims for which the court could grant relief.

{¶12} It is from this judgment that Byrd now appeals.

**ANALYSIS**

**App.R. 16**

{¶13} We begin by noting that the appellant's brief filed by Byrd does not comply with App.R. 16. This Court has held that a brief is noncompliant if it does not satisfy the mandatory requirements of App.R. 16. *Zanesville v. Robinson*, 5th Dist. Muskingum App. No. 09-CA-39, 2010-Ohio-4843, ¶ 26; *Benick v. Morrow County Health District*, 5th Dist. Morrow No. 2019CA0007, 2020-Ohio-4443, ¶ 11. A failure to comply with App.R. 16 would permit this Court to dismiss Byrd's appeal. *State v. Darby*, 5th Dist. Richland No. 2019 CA 0013, 2019-Ohio-2186, ¶¶ 21-24.

{¶14} We understand that Byrd has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Oyler v. Oyler*, 5th Dist. Stark No. 2014CA00015, 2014-Ohio-3468, 2014 WL 3907024, ¶ 19 quoting *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP–116, 2006–Ohio–3316, ¶ 9. *See, also, State v. Hall*, 11th Dist. No.2007–T–0022, 2008–Ohio–2128, ¶ 11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005–Ohio–6494, ¶ 4 (internal quotation omitted). "Fairness and justice are best served when a court disposes of a case on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193, 431 N.E.2d 644, 647 (1982). We caution, however, that "[i]f an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *State v. Colston*, 5th Dist. Muskingum No. CT2019-0076, 2020-Ohio-3879, 2020 WL 4345269, ¶ 58 quoting *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, at ¶14, quoting *State v. Carman*, 8th Dist. Cuyahoga No.

90512, 2008-Ohio-4368, at ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, at ¶16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist. 1996). In the interest of justice but within the bounds of the Rules of Appellate Procedure, we will address Byrd's argument that the trial court erred in granting the Appellees' motions to dismiss.

### Motion to Dismiss

{¶15} While the appellant's brief does not contain a statement of the assignments of errors presented for review pursuant to App.R. 16(A)(3), we find the thrust of Byrd's argument is that the trial court erred in granting the Appellees' motions to dismiss. Our standard of review on a Civil Rule 12(B) motion to dismiss is de novo and we conduct an independent review of the trial court's decision without any deference to the trial court's determination. *See Huntsman v. State*, 5th Dist. Stark No. 2016CA00206, 2017–Ohio–2622, 2017 WL 1710432, ¶ 20; *Deutsche Bank Natl. Trust Co. v. Mallonn*, 2018-Ohio-1363, 110 N.E.3d 765, ¶ 21 (5th Dist.). Based on that standard of review and in the interest of fairness and justice under the circumstances of this case, we engage in an independent review of the motions to dismiss to determine if the trial court erred in granting the motions.

{¶16} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Bd. of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true,

and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). To dismiss a complaint pursuant to Civil Rule 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 573 N.E.2d 1063 (1991).

{¶17} Pursuant to Civ.R. 12(B), we review the motions to dismiss from only the perspective of the four corners of the complaint, which includes the exhibits Byrd attached to his complaint. We agree with the trial court that Byrd's complaint did not comply with Civ.R. 8. It is difficult to determine his causes of actions and the facts supporting those causes of action against the Appellees.

{¶18} The Appellees argued in their motions to dismiss that Byrd's claims were time-barred by the applicable statues of limitations because the actions that formed the basis of his claims occurred in 2014 and he did not file his complaint until 2021. The complaint states the alleged theft offense occurred in 2014, which the Newark Police Department reviewed and determined was not a criminal action on August 26, 2014, as evidenced by the attached Narrative Supplement from the Newark Police Department. The attached exhibits showed the Licking County Prosecutor's Office reviewed the matter again in 2014 and the matter was closed by the prosecutor's office in 2014/2015.

{¶19} Pursuant to R.C. 2744.04(A), an action against a political subdivision to recover damages for injury, death, or loss to person or property caused by the act or omission of a governmental or proprietary function must be brought within two years after the cause of action accrued. In this case, the basis of Byrd's complaint are the alleged acts or omissions of the City of Newark, Licking County, and the Licking County

Prosecutor's Office in failing to prosecute his complaint of theft in 2014. While Byrd has named PERSO, York Risk, and Matthew M. Gilmore as defendants, the basis of his claim against these parties arose out of the alleged acts and omissions of their insured governmental entities. Pursuant to the two-year statute of limitations, Byrd's claims against the Appellees were time-barred after 2016.

{¶20} Accepting all the understandable factual allegations of Byrd's complaint as true and all reasonable inferences drawn in favor Byrd, we agree with the Appellees and the trial court that Byrd's causes of action are barred by the applicable statute of limitations and therefore not viable claims that would entitle him to relief.

## CONCLUSION

{¶21} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.