[Cite as *Richard v. Ohio Parole Bd.*, 2022-Ohio-2762.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| DONALD RICHARD | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2022 CA 0020 |
| OHIO PAROLE BOARD | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  21 CV 0474


JUDGMENT:     Affirmed in Part; Reversed in Part and
Remanded


DATE OF JUDGMENT ENTRY:     August 10, 2022


APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

DONALD RICHARD, PRO SE          No Appearance
RICHLAND CORR. INSTITUTION
Post Office Box 8107
Mansfield, Ohio  44901

*Wise, John, J.*

**{¶1}** Appellant Donald Richard appeals from the January 25, 2022, Judgment Entry by the Richland County Court of Common Pleas. Appellee is the Ohio Parole Board. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On September 30, 2021, Appellant filed a complaint seeking a declaratory judgment seeking a declaration by the trial court that Appellee denied Appellant meaningful consideration for parole and used the Ohio Administrative Code improperly.

**{¶3}** On October 4, 2021, Appellant attempted service of process on Appellee at the Richland Correctional Institution. However, Appellee is located in Franklin County and not at the Richland Correctional Institution. The trial court erroneously placed on its docket sheet that service of process on Appellee was successful.

**{¶4}** On November 19, 2021, after receiving no response from Appellee, Appellant filed a Motion for Default Judgment.

**{¶5}** On January 25, 2021, the trial court issued a judgment entry denying Appellant's Motion for Default Judgment, taking judicial notice that Appellee was never served in this matter and found the allegations are barred by res judicata.

## ASSIGNMENTS OF ERROR

**{¶6}** Appellant filed a timely notice of appeal. He herein raises the following Assignments of Error:

**{¶7}** "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN DENYING PLAINTIFF-APPELLANT'S MOTION FOR DEFAULT JUDGMENT WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING

AS REQUESTED IN VIOLATION OF AMENDMENTS 1ST AND 14TH (sic) OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶8} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN DENYING APPELLANT DUE PROCESS OF LAW WHEN FAILING TO CONDUCT AN EVIDENTIARY HEARING TO ALLOW APPELLANT AN OPPORTUNITY TO, INTER ALIA, INTERROGATE JUDGE NAUMOFF, OR OTHER EXPERT PAROLE WITNESS, TO FULLY EXAMINE R.C. 5120.021(A) WHERE ACCORDING TO OHIO STATUTORY LAWS THE PAROLE BOARD CANNOT CHANGE THE STATUTORY PAROLE RELEASING REGULATIONS FOR ANY OFFENDER AS THEY EXISTED ON THE DATE OF OFFENSE OF ALL OFFENDERS.

{¶9} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT RAISED AND PRESENTED THE AFFIRMATIVE DEFENSE OF RES JUDICATA, TO DENY APPELLANT'S MOTION FOR DEFAULT JUDGMENT, AND THEREAFTER DISMISSED THE CASE.

{¶10} "IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DISMISSED THE COMPLAINT BASED ON ITS OWN PRESENTATION OF 'FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE RELIEF', (sic) ON BEHALF OF A DEFAULTING PARTY.

{¶11} "V. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED THE APPELLANT HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIBUNAL."

**I.**

{¶12} In Appellant's First Assignment of Error, Appellant argues the trial court erred when denying Appellant's Motion for Default Judgment without conducting an evidentiary hearing. We disagree.

{¶13} It is axiomatic that a trial court lacks jurisdiction to enter judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538, 540-541 (1984).

{¶14} The determination of sufficient process is a matter in the sound discretion of the trial court. *Michigan Millers Mut. Ins. Co. v. Christian*, 3rd Dist. No. 8-02-27,153 Ohio App.3d 299, 305, 794 N.E.2d 68, 2003-Ohio-2455, at ¶9, citing *Bell v. Midwestern Educational Serv., Inc.*, 89 Ohio App.3d 193, 203, 624 N.E.2d 196 (2nd Dist.1993). An abuse of discretion occurs when the trial court renders a decision that is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶15} In the case *sub judice*, the trial court took judicial notice that the Ohio Parole Board is not located at the Richland Correctional Institution, but in Franklin County. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). The location of the Ohio Parole Board is a fact "capable of accurate and ready determination." Therefore, since Appellant has not completed service of process on Appellee, the trial court cannot grant judgment against Appellee.

**{¶16}** Accordingly, Appellant's First Assignment of Error is overruled.

**III.**

**{¶17}** In Appellant's Third Assignment of Error, Appellant argues the trial court erred when it dismissed the case for failure to state a claim upon which relief can be granted because the claim is barred by res judicata, an affirmative defense. We agree.

**{¶18}** In *Radcliff v. Tucker*, 9th Dist. Summit No.28072, 2016-Ohio-5908, ¶6, the Ninth District Court of Appeals has held,

> Absent particularized circumstances, a trial court is required to notify a plaintiff of its intention to dismiss a complaint sua sponte regardless of the basis for the dismissal." *Capital One Bank, N.A. v. Harland*, 9th Dist. Wayne No. 09CA0010, 2009-Ohio-5890, ¶7. "The only instances [] when a sua sponte dismissal of complaint without notice is appropriate is when the complaint is frivolous or the plaintiff cannot succeed on the facts stated in the complaint." *Dunn v. Marthers*, 9th Dist. Lorain No. 05CA008838, 2006-Ohio-4923, ¶11. * * * [W]e have held "that a trial court 'may only take judicial notice of prior proceedings in the immediate case.'" *Maiorana v. Maiorana*, 9th Dist. Medina No. 10CA0060-M, 2011-Ohio-4464, ¶9, quoting *In re J.C.* 186 Ohio App.3d 243, 2010-Ohio-637, ¶14 (9th Dist.). "A court may not take judicial notice of the proceedings in other cases, 'even though between the same parties * * *.'" *Clayton v. Walker*, 9th Dist. Summit No. 26538, 2013-Ohio-2318, ¶11, quoting *In re J.C.* at ¶14, quoting *State v. Hill*, 9th Dist. Lorain No. 92CA005358, 1993 WL 191972, *2 (June 9, 1993).

**{¶19}** It is well established that "[t]he doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Township*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995) (Citations omitted). Under the doctrine of claim preclusion, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit." *National Amusement, Inc. v. Springdale,* 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990) (Citation omitted). Accordingly, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Id.*

**{¶20}** It is fundamental that the doctrine of res judicata cannot be used as a bar to subsequent litigation unless the first judgment was a final determination of the rights of the parties upon the merits. *Harding v. Talbott*, 60 Ohio App. 523, 28 Ohio Law Abs. 363, 22 N.E.2d 221 (5th Dist.1938).

**{¶21}** Res judicata is an affirmative defense, it must be set forth in the answer to a pleading and is properly raised in a summary judgment motion filed pursuant to Civ.R. 56. Civ.R. 8(C); *Johnson v. Linder*, 14 Ohio App.3d 412, 414, 471 N.E.2d 815, 817 (3rd. Dist.1984).

**{¶22}** In the case *sub judice*, similarly to *Radcliff*, the trial court *sua sponte* dismissed Appellant's complaint on the basis that the plaintiff cannot prevail on the facts alleged in the case because the claim is barred by *res judicata.* However, *res judicata* is not a proper basis for the dismissal of a complaint. *Nosal v. Fairlawn Corporate Ctr.*, 9th Dist. Summit No. 23846, 2008-Ohio-414, ¶13. Therefore, the trial court erred by *sua sponte* dismissing Appellant's complaint on an inappropriate basis.

**{¶23}** Accordingly, Appellant's Third Assignment of Error is sustained.

**II., IV., V.**

**{¶24}** Due to our disposition in Assignment of Error Three, we refrain from analyzing Assignments of Error Two, Four, and Five.

**{¶25}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed in part and reversed in part. This matter is remanded for further proceedings consistent with this opinion.

By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.

JWW/br  0808