[Cite as *Richard v. Ohio Parole Bd.*, 2023-Ohio-3237.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DONALD RICHARD | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 23CA19 |
| | : | |
| OHIO PAROLE BOARD | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Richland County Court
                                                         of Common Pleas, Case No. 21CV474N

JUDGMENT:                                   AFFIRMED

DATE OF JUDGMENT ENTRY:        September 12, 2023

APPEARANCES:

For Plaintiff-Appellant:                        For Defendant-Appellee:

DONALD RICHARD, PRO SE              OHIO PAROLE BOARD
A197-168                                           c/o Lisa Hoying, Chair
Richland Correctional Institution           4545 Fisher Road, Suite D
1001 Olivesburg Rd.                            Columbus, OH 43228
Mansfield, OH 44905

*Delaney, J.*

{¶1} Appellant Donald Richard appeals from the March 20, 2023 Order Dismissing Case of the Richland County Court of Common Pleas. Appellee Ohio Parole Board did not appear.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Some of the following relevant facts are drawn from our decision in *Richard v. Ohio Parole Bd.*, 5th Dist. Richland No. 2022 CA 0020, 2022-Ohio-2762 [*Richard I*], which arose from the same trial-court case number.

{¶3} On September 30, 2021, appellant filed a complaint for declaratory judgment seeking a declaration by the trial court that appellee denied appellant meaningful consideration for parole and used the Ohio Administrative Code improperly.

{¶4} On October 4, 2021, appellant attempted service of process on appellee at the Richland Correctional Institution. However, appellee is located in Franklin County and not at the Richland Correctional Institution.

{¶5} On November 19, 2021, after receiving no response from appellee, appellant filed a Motion for Default Judgment.

{¶6} On January 25, 2022, the trial court issued a judgment entry denying appellant's Motion for Default Judgment, taking judicial notice that appellee was never served in this matter and found the allegations are barred by res judicata.

{¶7} Appellant appealed from the trial court's judgment entry denying default judgment in *Richard I*, in which we found the trial court did not err in the motion for default judgment because appellant did not complete service of process on appellee. *Id.,* at ¶ 15. However, we agreed with appellant that the trial court erred in dismissing the case

on the grounds of res judicata.  *Id.,* ¶ 22.  The matter was therefore remanded to the trial court.

{¶8}  Upon remand, the trial court issued a judgment entry on October 26, 2022, overruling several pending motions by appellant and concluding by scheduling an Initial Scheduling Conference on February 2, 2023, "to allow [appellant] to render service on [appellee] consistent with the Court of Appeals opinion."

{¶9} Appellant filed a number of motions in response, including a motion to participate in the scheduling conference and alleging judicial misconduct.

{¶10} On February 14, 2023, the trial court journalized a Judgment Entry granting appellant's motion to participate in the scheduling hearing by telephone.  In the entry, the trial court also gave appellant notice of 1) its intent to dismiss the complaint in 30 days if appellant failed to show cause why appellee was not properly served pursuant to Civ.R. 4(E), and 2) its intent to dismiss the case within 30 days for failure to state a claim.

{¶11} On March 23, 2023, the trial court filed an Order Dismissing Case with prejudice.

{¶12} Appellant now appeals from the trial court's order of dismissal.

{¶13} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶14} "THE TRIAL COURT INTENTIONALLY COMMITTED PREJUDICIAL ERROR, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION BY PERFORMING WITH BIAS WHEN DENYING THE APPELLANT'S DUE PROCESS

RIGHT TO A FAIR, IMPARTIAL, FIT, HONEST, AND TRUSTWORTHY TRIBUNAL WHEN IT DELIBERATELY OBSTRUCTED JUSTICE, SOLELY TO 'SHIELD' AND 'PROTECT' JUDICIAL ORGANIZED CRIMES, R.C. 2901.23, COMMITTED BY THE OHIO PAROLE BOARD, FROM BEING EXPOSURE WHEN THE TRIAL COURT MAKES UP LIES ABOUT THE 'SERVICE OF PROCESS' SUCCESSFULLY PROCURED BY THE CLERK OF COURTS, AND CONDUCTS AN INDEPENDENT INVESTIGATION, IN VIOLATION OF OHIO CODE OF JUDICIAL CONDUCT 2.9(C) TO MAKE UP CONCOCTED AND FABRICATED FACTS TO FRAUDULENTLY TAKE JUDICIAL NOTICE, SO THE TRIAL COURT CAN IGNORE AND/OR FAIL TO PROPERLY RULE ON APPELLANT'S MOTION FOR 'DEFAULT JUDGMENT' FILED 19-NOV-21." (*Sic* throughout.)

## ANALYSIS

{¶15} In his sole assignment of error, appellant argues the trial court erred in dismissing his complaint. We disagree.

### App.R. 16

{¶16} Appellant's brief is confusing because his underlying premise that the trial court erred in dismissing the case is obfuscated by unsupported allegations of judicial misconduct, criminal conduct by the parole board, facts from other cases, etc. By "unsupported" we mean nonsensical but more importantly for our purposes, not contained in the record of the pending case. It is all but impossible to discern a coherent argument.

{¶17} Appellant's brief therefore does not comply with App.R. 16(A)(7) in that it fails to present an argument containing appellant's contentions relating to his assignment of error and the reasons in support of the contentions, with citations to the authorities,

statutes, and parts of the record on which appellant relies.  Instead, he repeats irrelevant factual allegations rather than support his argument with reference to the record, leaving us to fashion his legal argument for him.  His arguments that are loosely based on the record contain blatant factual inaccuracies. For example, on page 18 of his appellate brief, appellant claims the trial court "falsely" found he attempted to serve appellee at the Richland Correctional Institution.  Appellant's complaint and every subsequent certificate of service signed by him in fact purports to serve appellee at the Richland Correctional Institution.

{¶18} We have held that a brief is noncompliant if it does not satisfy the mandatory requirements of App.R. 16. *Zanesville v. Robinson*, 5th Dist. Muskingum App. No. 09-CA-39, 2010-Ohio-4843, ¶ 26; *Benick v. Morrow County Health District*, 5th Dist. Morrow No. 2019CA0007, 2020-Ohio-4443, ¶ 11. A failure to comply with App.R. 16 would permit this Court to dismiss the instant appeal. *State v. Darby*, 5th Dist. Richland No. 2019 CA 0013, 2019-Ohio-2186, ¶¶ 21-24.

{¶19} We understand that appellant filed this appeal pro se, but "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Oyler v. Oyler*, 5th Dist. Stark No. 2014CA00015, 2014-Ohio-3468, 2014 WL 3907024, ¶ 19, quoting *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See also, State v. Hall*, 11th Dist. Trumbull No. 2007-T-0022, 2008-Ohio-2128, ¶ 11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. Cuyahoga No. 86154, 2005-Ohio-6494, ¶ 4 (internal quotation omitted). "Fairness and justice are best served when a court disposes of a case on the merits." *DeHart v.*

*Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982). We caution, however, that "[i]f an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *State v. Colston*, 5th Dist. Muskingum No. CT2019-0076, 2020-Ohio-3879, 2020 WL 4345269, ¶ 58, quoting *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, at ¶14, internal citation omitted. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, ¶ 16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996).

{¶20} In the interest of justice but within the bounds of the Rules of Appellate Procedure, therefore, we will address appellant's underlying argument that the trial court erred in sua sponte dismissing his complaint.

*Allegations of judicial misconduct*

{¶21} Appellant makes numerous allegations of judicial misconduct throughout his filings in the trial court and in his appellate brief, attempting to assign the alleged misconduct as error. Regarding any [unsubstantiated, unsupported] contention that the trial judge violated the Code of Judicial Conduct, acted in a manner demeaning to the judiciary, or engaged in unethical misconduct, the instant appeal is not the proper venue for such complaints. *Szerlip v. Szerlip*, 5th Dist. Knox No. 01CA16, unreported, 2002 WL 1270849, *3 (May 20, 2022). As we noted in *Szerlip vs. Spencer*, 5th Dist. Knox No. 01CA30, unreported, 2002 WL 433442 (March 14, 2002), any allegation of judicial misconduct is not cognizable on appeal but is a matter properly within the jurisdiction of the Disciplinary Counsel.

*Dismissal for failure to properly serve appellee*

{¶22} Appellant argues, in part, that the trial court erred in sua sponte dismissing his complaint for failure to properly serve appellee. We disagree. We note appellant purportedly served his voluminous filings upon appellee in "Mansfield, Ohio" despite repeated warnings and corrections from the trial court that the correct address was in Franklin County.

{¶23} Appellant attempted service upon the Ohio Parole Board at "Richland Correctional Institution, 1001 Olivesburg Road, Mansfield, Ohio 44905."  Summons, Oct. 4, 2021. Appellant's certificate of service upon his motion for default judgment of November 19, 2021, cites the same address.  In its Judgment Entry of January 25, 2022, the trial court noted appellant failed to effectuate service because the Ohio Parole Board is located in Franklin County, not at the Richland Correctional Institution. We found appellant failed to serve appellee. *Richard v. Ohio Parole Bd.*, 5th Dist. Richland No. 2022 CA 0020, 2022-Ohio-2762, ¶ 15. After our remand order, the trial court noted, e.g, "the Court resets this matter for an Initial Scheduling Conference on February 2, 2023 at 10:00 am to allow [appellant] to render service on [appellee] consistent with the Court of Appeals opinion."  Judgment Entry, Oct. 26, 2022.  In its Judgment Entry of February 14, 2023, the trial court again advised appellant the complaint would be dismissed if appellant failed to demonstrate good cause why service was not made within 30 days.

{¶24} Upon review, we find that appellant's failure to serve appellee with the complaint (and subsequent filings) was an obvious violation of the Civil Rules.  *Hughley v. Southeastern Correctional Inst.*, 5th Dist. Fairfield No. 10CA43, 2010-Ohio-5497, ¶ 32.

{¶25} Civ.R. 5(A) requires:

(A) Service: when required

Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. Service is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ.R. 4 through Civ.R. 4.6.

{¶26} As to the method of service, Civ.R. 5(B) states:

Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of the court. The served copy shall be accompanied by a

completed copy of the proof of service required by division (D) of this rule. "Delivering a copy" within this rule means: handing it to the attorney or party; leaving it at the office of the person to be served with a clerk or other person in charge; if there is no one in charge, leaving it in a conspicuous place in the office; or, if the office is closed or the person to be served has no office, leaving it at the dwelling house or usual place of abode of the person to be served with some person of suitable age and discretion then residing in the dwelling house or usual place of abode. Service by mail is complete upon mailing. Service by facsimile transmission is complete upon transmission.

{¶27} In the instant case, the trial court sua sponte dismissed appellant's complaint, in part, pursuant to Civ.R.41(B), which provides that a trial court may dismiss an action when a party fails to comply with the Civil Rules. A dismissal is authorized by Civ.R. 41(B)(1), which provides that the trial court, sua sponte or upon a motion of the defendant, may dismiss an action or claim where the plaintiff fails to prosecute or fails to comply with the civil rules or any court order. Such a dismissal may be accomplished only after the trial court provides notice to plaintiff's counsel of its intention to dismiss the case. Civ.R. 41(B)(1) requires courts to give prior notice of intent to dismiss in order to provide a non-complying party a final chance to obey. *Hughley v. Southeastern Correctional Inst.*, 5th Dist. Fairfield No. 10CA43, 2010-Ohio-5497, ¶ 40, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 48, 684 N.E.2d 319 (1997); *Rankin v. Willow Park Convalescent Home*, 99 Ohio App.3d 110, 112, 649 N.E.2d 1320 (1994).

{¶28} In the instant case, the trial court dismissed the case in part for appellant's failure to serve appellee after repeated notice to appellant of the pending dismissal. In *Richard I* we also noted the lack of service. *Id.* at ¶ 15. Upon remand the trial court again repeatedly warned appellant not to "serve" appellee at the Richland Correctional Institution. Appellant failed to effectuate service or offer any explanation for his failure to do so. The trial court did not err in dismissing the case on that basis.

*Dismissal for failure to state a claim*

{¶29} To the extent that appellant argues the trial court erred in dismissing his complaint for failure to state a claim, our standard of review on a Civil Rule 12(B)(6) dismissal is de novo and we conduct an independent review of the trial court's decision without any deference to the trial court's determination. *See Huntsman v. State*, 5th Dist. Stark No. 2016CA00206, 2017–Ohio–2622, 2017 WL 1710432, ¶ 20; *Deutsche Bank Natl. Trust Co. v. Mallonn*, 2018-Ohio-1363, 110 N.E.3d 765, ¶ 21 (5th Dist.). Based on that standard of review and in the interest of fairness and justice under the circumstances of this case, we engage in an independent review of the motions to dismiss to determine if the trial court erred in granting the motions.

{¶30} A dismissal for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Bd. of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). To dismiss a complaint pursuant to Civil Rule 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support

of the claim that would entitle plaintiff to relief. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 573 N.E.2d 1063 (1991).

{¶31} We discern the basis of appellant's complaint against appellee to be that he did not receive a half-time review in 2005 and has subsequently been denied timely evaluations. Brief 14-15.

{¶32} First, R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 2022-Ohio-3168, ¶ 10, *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶ 6. Compliance with the requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply warrants dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1. It is not evident to us that appellant has complied with these requirements and we decline to make his argument for him.

{¶33} Second, "[a] prisoner has no constitutional or statutory right to parole." *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, ¶ 19, 24 N.E.3d 1132, citing *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.*, 81 Ohio St.3d 267, 268, 690 N.E.2d 887 (1998). *See State ex rel. Miller v. Leonard*, 88 Ohio St.3d 46, 47, 723 N.E.2d 114 (2000) ("There is no constitutional or inherent right to be released before the expiration of a valid sentence."). Because no such right exists, an incarcerated individual who has been denied parole has not been deprived of a liberty interest where state law makes the parole decision discretionary. *Id.* Pursuant to R.C. 2967.03, the parole decision is discretionary. *Id. See State ex rel. Bailey v. Ohio Parole Bd.*, 10th Dist. No. 15AP-887, 2016 WL 7494343, 2016-Ohio-8264, ¶ 7, citing *Festi v. Ohio Adult Parole*

*Auth.*, 10th Dist. No. 04AP-1372, 2005 WL 1670796, 2005-Ohio-3622, ¶ 14 (stating that the Ohio Adult Parole Authority generally "has wide-ranging discretion in parole matters").

{¶34} We are unable to discern from appellant's allegations whether he was denied timely parole hearings or that the parole board failed to take timely action. It is also not clear to us that a declaratory judgment action in the Richland County Court of Common Pleas is the appropriate procedural vehicle for appellant to compel action by the parole authority.

{¶35} Construing the material allegations in the complaint and all reasonable inferences to be drawn by the same in favor of appellant as true, we find the trial court did not err in dismissing the complaint.

## CONCLUSION

{¶36} Appellant's sole assignment of error is overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.